**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **CRIMINAL NO. RDB-20-0430** |
| **MICHAEL MOORE** | * | |

## MEMORANDUM AND ORDER

Currently pending is Defendant's Emergency Motion to Reopen Detention Hearing and Set Conditions of Release ("Motion") (ECF No. 17), Government's Response in Opposition to Defendant's Emergency Motion to Reopen Detention Hearing and Set Conditions of Release ("Opposition") (ECF No. 24 - Sealed), and Defendant's Reply in Support of Emergency Motion to Reopen Detention Hearing ("Reply") (ECF No. 27- Sealed).  For the reasons noted below, the court concludes that the pending Motion does not offer a basis for reconsideration of the detention order in this case and, accordingly, the Motion (ECF No. 17) is denied.

A detention hearing was held in this case on February 1, 2021 and the court entered an Order of Detention (ECF No. 16).  At the time of the detention hearing, the defendant was charged by indictment with Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1).  The court detailed the reasons for detention in an Order of Detention (ECF No. 16):  (1) Nature and circumstances of the offense - possession of a loaded weapon and additional ammunition in vehicle which was discarded when defendant ran from police; dangerous flight from police in vehicle driven by the defendant jeopardizing the lives of bystanders; (2) Weight of the evidence – substantial based on testimony, video and defendant's statements; (3) Prior criminal record – Armed robbery.  At the time of the hearing, the court also considered COVID 19 concerns,

conditions at CDF, and the defendant's health and determined that those considerations did not outweigh the §3142 factors warranting detention.

Defendant now seeks reconsideration of his detention arguing that there has been an outbreak of COVID-19 at the Chesapeake Detention Facility ("CDF") where he is detained, that he was COVID positive at the time the Motion was filed, and that his asthma and elevated blood pressure put him at greater risk of complications if he contracts the virus. (ECF No. 17 at 1 and 27 at 2-3).   Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.  The court notes that conditions at CDF are currently better than they were at the time of the defendant's detention hearing.   The defendant's positive COVID status at the time the Motion was filed, however, was not known to the court at the time of the hearing.   Accordingly, the court will consider the question of whether the risks posed to the defendant by the current COVID situation at CDF coupled with his positive COVID status outweigh §3142 factors warranting the defendant's detention based upon risk danger to the community.

With respect to the conditions at CDF, while there was a recent COVID outbreak at CDF, many of the positive detainees, including the defendant, have been released from isolation.  According to the government, as of March 5, 2021, there are currently five CDF detainees in quarantine because of positive COVID tests. (ECF No. 24 at 3).  And as noted by the defendant, a class action was filed on February 20, 2021 alleging that CDF's actions contributed to the outbreak and that CDF has failed to take appropriate actions in response. (ECF No. 17 at

3).  As a result, conditions at CDF are being actively monitored by the assigned judge.  The court

is also aware that CDF has taken significant measures to control the COVID situation there.  And

finally, the defendant been released from isolation and is no longer housed at the Jail Industries

Building ("JI"), where defendant claims he was subjected to appalling conditions.  (Id. at 2-4).

      The court also received the defendant's medical records pursuant to an order issued by

the court**.**  (ECF No. 20).  The relevant records have been filed under seal (ECF No. 28), and

copies have been provided to counsel.  The records confirm that the defendant has asthma for

which he is prescribed an inhaler and, although no diagnosis of hypertension appears in the

records (as compared to documented elevated blood pressure described as "hypertension stage 1

or 2"  for an 8 day period while the defendant was in isolation), the court will accept defendant's

proffer that he also suffers from that condition.   In considering release for health reasons, the

court considers not only traditional Section 3142 factors, but also the nature of the health risk to

a defendant upon release, as well as the nature of the risk—health and otherwise—to others

should a defendant be released.  The court notes that the defendant has recovered from the

COVID virus, and while there exists the possibility of reinfection, the court cannot conclude,

based upon the present record, that the defendant's current medical status coupled with the

conditions at CDF outweigh §3142 factors warranting detention.

       Based upon the current record, the court concludes that this new information does not have

a material bearing on the court's previous findings regarding the defendant's danger to the

community.  When the court ordered detention in this case, it was based upon the overwhelming

evidence proffered at the detention hearing, the defendant's prior conviction for armed robbery

and the nature of this offense.  The facts proffered by the government at the time of the detention

hearing established a significant risk to the public: police attempted to stop the vehicle driven by

the defendant because it was identified in connection with a non-fatal shooting; the vehicle sped away, then crashed into another vehicle, and the defendant fled the scene with a loaded firearm, which was clearly depicted on video. The government has again detailed that information as well as additional evidence of the defendant's involvement with weapons in its Opposition. (ECF No. 24 at 3-4). In rejecting the defendant's request for release, the court has also considered the defendant's proposed conditions of release (ECF No. at 17 at 10-11) and notes that they appear to be the same type of conditions of release which were previously proposed, and rejected, at defendant's original hearing. Even the strictest of conditions of release to include a third party custodian, electronic monitoring and related conditions are inadequate to ensure the safety of the community. The court concludes now, as it did at the defendant's detention hearing, by clear and convincing evidence, that there is no condition or combination of conditions which will reasonably assure the community's safety.[1] Accordingly, Defendant's Motion (ECF No. 17) is denied.

Date: March 16, 2021              _____/s/_____
                                  Beth P. Gesner
                                  Chief United States Magistrate Judge

---

[1] Defendant has invoked the alternative basis for release under §3142(i) which may be ordered for "another compelling reason." The court notes that it has considered release under that provision as well. The court has herein broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act. See United States v. Gallagher, SAG-19-479 (D. Md.), ECF No. 45 at 6-7. Specifically, the court has concluded that the defendant's medical condition and the conditions at CDF do not rise to the level of a "compelling reason" warranting the defendant's temporary release under 18 U.S.C. §3142(i).