IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-20-0430 |
| MICHAEL MOORE. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On December 2, 2020, the Defendant, Michael Moore ("Defendant" or "Moore") was charged in a one-count Indictment with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On February 1, 2021, Chief United States Magistrate Judge Beth P. Gesner held a detention hearing. (ECF No. 14.) Judge Gesner issued an Order detaining the Defendant, explaining that detention was warranted based on the "(1) [n]ature and circumstances of the offense- possession of a loaded weapon and additional ammunition [i]n vehicle which was discarded when defendant ran from police; dangerous flight from police in vehicle driven by the defendant jeopardizing the lives of bystanders; (2) [w]eight of the evidence-substantial based on testimony, video and defendant's statements; [and] (3) [p]rior criminal record – Armed robbery." (Detention Order, ECF No. 16.) Additionally, Judge Gesner noted the concerns of COVID-19, the conditions at Chesapeake Detention Facility ("CDF"), and the Defendant's health, and determined that those considerations "do not outweigh the [18 U.S.C.§] 3142 factors warranting detention." (*Id.*) Accordingly, Judge Gesner found, by clear and convincing evidence, that Moore poses a risk to the safety of other persons and the community, and that

there is no condition or combination of conditions which will reasonably assure community safety. (*Id.*)

On March 17, 2021, Moore sought reconsideration of that order pursuant to 18 U.S.C. §§ 3145(f) and (g), arguing that his release was warranted based on the recent COVID-19 outbreak at CDF where he is detained, combined with his having tested positive for COVID-19 and his asthma and high blood pressure. (ECF No. 17.) The same day, Judge Gesner denied Moore's motion, holding that the new information did not have a material bearing on her previous findings regarding Defendant's danger to the community. (ECF No. 30 *SEALED*.) Judge Gesner specifically addressed Moore's concerns about COVID-19 at CDF and noted that Defendant had been released from isolation, and that as of March 5, 2021, only five CDF detainees were in quarantine because of positive COVID-19 tests. (*Id.* at 2.) Accordingly, Judge Gesner reaffirmed her finding that the Order of Detention is "based upon the overwhelming evidence proffered at the detention hearing, the defendant's prior conviction for armed robbery and the nature of" the subject offense. (*Id.* at 3.)

Now pending is Moore's Motion for Review of Magistrate Judge's Detention Order, (ECF No. 31), in which Moore asks this Court to reconsider Magistrate Judge Gesner's Detention Order pursuant to § 3145(b). He asserts that the conditions at CDF and the 18 U.S.C. § 3142(g) factors warrant his release to home detention. (ECF No. 31 at 8-15.) According to his counsel, while the numbers of COVID-19 at CDF have "decreased significantly compared to the prolonged surge in January and February," there is "no guarantee that cases will not rise again soon." (*Id.* at 4.)

2

This Court is mindful of the Defendant's concerns due to the COVID-19 outbreaks at Chesapeake Detention Center, however, such circumstances do not alter this Court's conclusion that Moore cannot meet his burden to show, by clear and convincing evidence, that he would not pose a danger to any other person or community. The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … controlled substance [or] firearm; "the weight of the evidence against the person"; "the history and characteristics of the person…"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. § 3142(g).

All of these factors weight against releasing Moore. Moore is charged with possession of a firearm by a prohibited person. The evidence presented at the detention hearing revealed the dangerous circumstances and nature of the charged offense, specifically that Moore fled from police with a loaded firearm, endangering the lives of nearby bystanders. (Indictment, ECF No. 1; Detention Order, ECF No. 16.) Moreover, the evidence reflected that Moore has a prior conviction for armed robbery. (Detention Order, ECF No. 16.) Accordingly, this Court finds that the 18 U.S.C. § 3142(g) factors clearly weigh in favor of detention. Given the serious nature of the charges against him, as well as his repeatedly demonstrated contempt for the law and predilection toward unlawful activity involving weapons, Moore poses a risk to the community.

As this Court has previously noted, the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities during this global pandemic. *See,*

3

*e.g. United States v. Ashley*, Criminal No. RDB-06-0034, 2020 WL 1675994, at *4 (D. Md. Apr. 6, 2020). However, these concerns are "insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within the Department of Corrections ('DOC') are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure" to COVID-19. *United States v. Davis*, Criminal Action No. GJH-17-493, 2020 WL 1638687, at *2 (D. Md. Apr. 1, 2020). This analysis applies with equal force in this case, given the Defendant's concession that the numbers of COVID-19 at CDF have "decreased significantly compared to the prolonged surge in January and February." (*See* ECF No. 31 at 4.)

Accordingly, it is HEREBY ORDERED this 1st day of April, 2021, that:

1. Defendnat's Motion for Review of Magistrate Judge's Detention Order (ECF No. 31) is DENIED;

2. Chief Magistrate Judge Beth P. Gesner's Order of Detention (ECF No. 16) is AFFIRMED; and

3. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge